CHAD A. READLER
United States Department of Justice
Acting Assistant Attorney General
WILLIAM C. PEACHEY
Director, District Court Section
CHRISTINA PARASCANDOLA
Senior Litigation Counsel, District Court Section
JOHN J. W. INKELES
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
Trial Attorney, District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4309
Fax: (202) 305-7000
john.inkeles@usdoj.gov

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| JAMES DENNIS DORBOR,<br>                Plaintiff,<br>v.<br><br>THE UNITED STATES OF AMERICA; JEFFERSON B. SESSIONS, III, United States, Attorney General; KIRSTJEN M. NIELSEN, Secretary, Department of Homeland Security; L. FRANCIS CISSNA, Director, United States Citizenship and Immigration Services; THOMAS CIOPPA, Acting District Director, Central Region, United States Citizenship and Immigration Services; KAY LEOPOLD, Milwaukee Field Office Director, United States Citizenship and Immigration Services,<br><br>                Defendants. | Case No. 3:17-cv-676 |

**JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

In the course of discovery, the parties anticipate the potential production of documents containing identifying information relating to third parties not participating in this lawsuit. This identifying information is contained within federal government agency records and databases, including individual alien files, some of which are in the possession, custody, and control of the

Defendants the United States of America; Jefferson B. Sessions, III, U.S. Attorney General; Kirstjen M. Nielsen, Secretary, Department of Homeland Security; L. Francis Cissna, Director, U.S. Citizenship and Immigration Services ("USCIS"); Thomas Cioppa, Acting District Director, Central Region, USCIS; Kay Leopold, Milwaukee Field Office Director, USCIS (collectively, "Defendants"). Where appropriate and allowable by law, Defendants agree to produce to Plaintiff James Dennis Dorbor ("Plaintiff") records relating to Plaintiff, and (where appropriate and allowable by law) third-parties, subject to entry of the following protective order, in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a, to which the parties have stipulated.

WHEREFORE, at the request of counsel for Plaintiff and counsel for Defendants ("the Parties"),

**IT IS ORDERED, ADJUDGED AND DECREED** that the following procedures will govern the production and/or use of Confidential Material in the above-captioned case:

1. This Protective Order governs the treatment and handling of all Confidential Material produced in accordance with the Federal Rules of Civil Procedure, or any order of the Court, by any Party to any other Party in this case.

2. Pursuant to 5 U.S.C. § 552a(b)(11), the Parties are hereby authorized, in accordance with the terms of this Protective Order, to produce to each other in discovery information and records that are discoverable under applicable law, notwithstanding that they may be deemed Confidential Material within the meaning of this Order.

3. Confidential Material as used in this Protective Order means information, documents, things, or other materials, in whatever form, that is:

    a. Protected by the Privacy Act, 5 U.S.C. § 552a;

b. Exempt from disclosure under the Freedom of Information Act, 5 U.S.C. § 552;

c. Privileged or protected from disclosure under federal or state law (including, but not limited to, the law enforcement, investigatory files, informant, national security, attorney-client communication, and deliberative process privileges, and attorney work-product doctrine); or

d. Personal financial, medical, or other private information about an individual that is not in the public domain (or, if in the public domain, is improperly in the public domain).

4. "Parties" within the meaning of this Order refer to Plaintiff and Defendants. "Producing Party" refers to the party who produces the materials in connection with this litigation. "Receiving Party" refers to the party who receives the materials. This Order applies only to the copies of documents produced by the Parties within this litigation, regardless of previous disseminations of copies of those documents.

Any Party may, ~~based on a good faith belief,~~ designate Confidential [JDP] material produced, or to be produced, in discovery as Confidential Material subject to this Protective Order. A Party shall designate material as Confidential Material subject to this Protective Order by marking the material with the words: "Confidential Material - Subject to Protective Order." For documents containing Confidential Material, the Party shall mark each page of the document.

5. To the extent that Confidential Material have been produced prior to entry of this Protective Order, the Producing Party may still mark the Confidential Material as "confidential." To the extent that the Party that previously received the Confidential Material has not previously disseminated the Confidential Material, the Confidential Material will be fully covered by the

terms of this Protective Order. To the extent that Receiving Party has previously disseminated the Confidential Material, the Receiving Party must make a good faith effort to apprise anybody who has received the Confidential Material of, and to seek their compliance with the terms of this Protective Order.

6. Certain Confidential Material, such as sensitive and confidential law enforcement information, information regarding the identity of, or statements by, certain witnesses or informants, and information regarding the policies, methods, techniques, procedures, guidelines and/or intelligence of certain federal law enforcement agencies, may require a higher level of protection than that generally afforded to Confidential Material under this Protective Order. A Party may designate such especially sensitive Confidential Material as "For Attorneys' Eyes Only." Confidential Material designated "For Attorneys' Eyes Only" shall be disclosed only to counsel for a Party, and may not be further disclosed, revealed, or disseminated by the recipient, including to the Plaintiff.

7. Any Party receiving material that ~~in the good faith opinion of that Party~~ contains information covered under the definition of "confidential material" under paragraph 3, *supra*, but not so designated by the Party producing that information, may designate that material as Confidential Material subject to this Protective Order by marking the material as either "Subject to Protective Order" or "For Attorneys' Eyes Only," as appropriate; provided, however, that the Party so marking the material notifies counsel for all other Parties of such designation within 14 days of receipt of the material being marked.

8. A Party receiving Confidential Material designated as "Subject to Protective Order" or "For Attorneys' Eyes Only" shall, subject to the restrictions in this Protective Order, use that material only for the purpose of litigating this case and for no other purpose. Except as

specifically provided in this, or a subsequent, order of this Court, a Party shall not disclose Confidential Material to persons or entities other than the following:

  a. The Court and Court personnel;

  b. Counsel of record for a Party;

  c. Secretarial, clerical, paralegal or paraprofessional staff, or other members of the Party's legal team, but only when counsel for that Party deems disclosure reasonably necessary for the conduct of this litigation;

  d. Experts or consultants who have been retained by a Party for the purpose of assisting in the conduct of this action;

  e. A fact witness, during the witness's deposition, or in preparation for the witness's deposition, but only when counsel deems the disclosure reasonably necessary for the conduct of this litigation and provided that no disclosure is made to persons outside the authorization of this Order; and

  f. Any other persons upon order of this Court, or upon stipulation of the Party who designated the Confidential Material in question as "Subject to Protective Order" or "For Attorneys' Eyes Only."

Nothing in this Protective Order restricts the authority of the United States, including its officers or employees acting in their official capacities, from disclosing information otherwise in the possession, custody, or control of the federal government in the course of carrying out the regular, lawful functions of government.

9. Before any Confidential Material subject to this Protective Order is disclosed to a Party, all counsel of record for that Party shall sign and serve the "Acknowledgment of Protective Order," attached to this Protective Order, on all other counsel of record for all

Parties. Unless otherwise specified by a counsel of record for a Party, service of the signed "Acknowledgment of Protective Order" may be completed by electronic mail.

10. Prior to disclosing any Confidential Material pursuant to subsections (b) through (f) of paragraph 8 of this Protective Order, counsel for the Party intending to make the disclosure must have the individual to whom the Confidential Material would be disclosed read this Protective Order and sign the attached "Acknowledgment of Protective Order." Confidential Material subject to this Protective Order may not be disclosed to any such third party until that individual has read this Protective Order and signed the "Acknowledgment of Protective Order." The original signed "Acknowledgment of Protective Order" completed by any such individual shall be retained by counsel until the conclusion of this litigation (as that point in time is defined in paragraph 16 below). These signed "Acknowledgment of Protective Order" forms may only be disclosed pursuant to Court order. Each person to whom Confidential Material under this Protective Order is disclosed pursuant to subparagraphs (b) through (f) of paragraph 7 is hereby advised that such Confidential Material is disclosed subject to the terms of this Protective Order, may not be further disclosed other than pursuant to the terms hereof, and may be used only for purposes of litigating this case and for no other purposes.

~~11. In the event counsel for any Party seeks to file or lodge with the Court—by way of pleadings, motions, briefs, exhibits, attachments, or any other papers or submissions—any Confidential Material, such counsel must first move the Court for leave to file (or lodge) such Confidential Material under seal.~~ 

12. If a Party objects to the designation of any information, document, thing, or other material as Confidential Material, or to its designation as "For Attorneys' Eyes Only,"

the objecting Party must notify the designating Party of the objection and the basis therefore in writing. This written notice may be made at any time, but must be made no later than twenty-one (21) days before the date of trial. Within ten (10) days after service of any such notice, and after a good-faith effort by the Parties to resolve the disagreement through consultation, either the designating or the objecting Party may file a motion with the Court for a ruling on whether the Confidential Material at issue is, or is not, properly designated as "Subject to Protective Order" or "For Attorneys' Eyes Only." Notice of any such application shall be provided to all other Parties. Until this Court rules on the status of the disputed Confidential Material, such material shall be treated as "Subject to Protective Order" or "For Attorneys' Eyes Only," as the case may be, pursuant to this Protective Order, unless the Parties otherwise agree by written stipulation. The burden of proving the confidentiality of designated information remains with the Party asserting such confidentiality. The provisions of Federal Rule of Civil Procedure 37(a)(5) apply to such motions.

13. Pursuant to Federal Rule of Evidence 502(d), the production by a Party of a document, or part of a document, shall not constitute waiver of any applicable privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communication or information concerning the same subject matter, in this or any other proceeding. This paragraph is intended to displace the provisions of Federal Rules of Evidence 502(b)(1) and (b)(2). Nothing in this Protective Order, however, shall prohibit the Parties from withholding from production any document or information covered by any applicable privilege or protection, and Federal Rule of Civil Procedure 26(b)(5) shall govern all such claims.

14. The procedures applicable to a claim of privilege on a produced document and the resolution thereof shall be as follows:

a. If a Party discovers a document, or part thereof, produced by another Party that is expressly labelled as privileged or otherwise protected, the Receiving Party shall promptly notify the Producing Party and must then return the document or destroy it, and certify that it has been destroyed to the Producing Party. Nothing in this Protective Order is intended to shift the burden to identify privileged and protected documents from the Producing Party to the Receiving Party;

b. If the Producing Party determines that a document produced, or part thereof, is subject to a privilege or privileges, the Producing Party shall promptly give the Receiving Party notice of the claim of privilege ("privilege notice");

c. The privilege notice must contain information sufficient to identify the document including, if applicable, a Bates number as well as identification of the privilege asserted and its basis. This paragraph in no way exempts the Party asserting a claim of privilege from complying with the requirements for supporting a claim of privilege under applicable law;

d. Upon receiving the privilege notice, if the Receiving Party agrees with the privilege assertion made, the Receiving Party must promptly return the specified document(s) and any copies or destroy the document(s) and copies, and certify to the Producing Party that the document(s) and copies have been destroyed. The Receiving Party must sequester and destroy any notes taken about the document. If a Receiving Party disclosed the document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the Producing Party of the disclosure and its efforts to retrieve the document or information;

e. Upon receiving the privilege notice, if the Receiving Party wishes to dispute a Producing Party's privilege notice, the Receiving Party shall promptly meet and confer

with the Producing Party. The document(s) may be used by the Receiving Party at depositions while the dispute is pending to the extent that the deponent has executed the "Acknowledgment of Protective Order," attached to this Protective Order. The disputed documents shall otherwise be sequestered and not be used in the litigation (e.g. filed as an exhibit to a pleading) while the dispute is pending. If the parties are unable to come to an agreement about the privilege assertions made in the privilege notice, the Receiving Party may make a sealed motion for a judicial determination of the privilege claim;

  f. In the event that the Receiving Party files a sealed motion for a judicial decision of the privilege claim, the parties may present these documents to witnesses at depositions while the privilege claim is pending before the Court to the extent that the deponent has executed the "Acknowledgment of Protective Order," attached to this Protective Order. The documents shall not otherwise be disclosed to any other person while the privilege claim remains unresolved or is resolved in the Producing Party's favor. Any briefing by any Party shall not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the Producing Party's favor; and,

  g. If a document must be returned or destroyed as determined by the process above, that document, along with copies and notes about the document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

  15. Within three (3) months of the conclusion of this litigation, as hereafter defined, all Confidential Material that continues to be designated as either "Subject to Protective Order"

or "For Attorneys' Eyes Only," and all copies thereof, shall either be returned to the Producing Party or destroyed. A Party who elects to destroy the Confidential Material in his or her possession shall, within fourteen (14) days of the destruction, certify to the Producing Party that all copies of the Confidential Material were destroyed. Copies of Confidential Material containing attorney work-product need not be either returned or destroyed, provided that Confidential Material remains subject to the restrictions on disclosure contained in this Protective Order. All Confidential Material shall be kept in the possession of the Party to whom it was produced, except in the limited circumstances described above.

16. For purposes of paragraphs 10 and 15 of this Protective Order, this litigation shall be considered concluded once the time for filing an appeal from the judgment has run with no Party taking an appeal, or, in the event a Party appeals, from the date on which all appeals are exhausted and a mandate issues.

17. Confidential Material that a Party wishes to designate as "Subject to Protective Order" or "For Attorneys' Eyes Only" pursuant to this Order, but which is inadvertently disclosed without such designation, may be retrieved by the Producing Party at any time. Upon notice to a Receiving Party that the Producing Party seeks to retrieve certain material pursuant to this paragraph, the Receiving Party must treat such material as if it were designated "Subject to Protective Order" or "For Attorneys' Eyes Only," depending on the designation requested by the Producing Party, and may only use that material for the purposes, and in the manner, permitted by this Protective Order for Confidential Material bearing the designation indicated.

18. This Protective Order does not limit a Party from asserting a claim of privilege.

19. This Protective Order shall not, in any way, prejudice the right of a Party to: (a) apply to the Court for a further Protective Order relating to any Confidential Material; (b) object to a request for the discovery of information or material the Party considers not properly subject to discovery; or (c) seek a ruling from the Court concerning whether certain information or material is subject to discovery, and if discoverable, whether such information or material should be subject to the terms of this Order.

20. **MODIFICATION:** This Protective Order may be modified if the Parties agree in writing to such modification, or if so ordered by the Court.

Dated: July 17, 2018

/s/ Adam Kerner
ADAM KERNER, Esq.
Kerner Law Offices
6525 West Blue Mound Road
Milwaukee, WI 53213
akerner@mail.bradley.edu

/s/ William R. Kerner
WILLIAM R. KERNER
Kerner Law Offices
6525 West Blue Mound Road
Milwaukee, WI 53213
kernerlaw@sbcglobal.net
*Attorneys for Plaintiff*

CHAD A. READLER
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
CHRISTINA PARASCANDOLA
Senior Litigation Counsel

/s/ John J. W. Inkeles
JOHN J. W. INKELES, Trial Attorney
U.S. Department of Justice
Office of Immigration Litigation
Civil Division
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 532-4309
Fax: (202) 305-7000
Email: john.inkeles@usdoj.gov
*Attorney for Defendants*

**IT IS SO ORDERED.**

Date: JULY 17, 2018

HON. JAMES D. PETERSON
United States District Judge

11

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

JAMES DENNIS DORBOR,

        Plaintiff,

v.

THE UNITED STATES OF AMERICA; JEFFERSON B. SESSIONS, III, United States, Attorney General; KIRSTJEN M. NIELSEN, Secretary, Department of Homeland Security; L. FRANCIS CISSNA, Director, United States Citizenship and Immigration Services; THOMAS CIOPPA, Acting District Director, Central Region, United States Citizenship and Immigration Services; KAY LEOPOLD, Milwaukee Field Office Director, United States Citizenship and Immigration Services,

        Defendants.

Case No. 3:17-cv-676

I, _____, hereby acknowledge, under penalty of perjury, that I have read the Protective Order governing disclosure of "Confidential Material" entered by the United States District Court for the Western District of Wisconsin in the above-captioned matter on _____, 201\_\_.

I am familiar with the specific terms of that Protective Order, and I agree to be bound by its terms. I further understand I am subject to the contempt powers of the District Court for any violations of the Protective Order.

Dated this \_\_\_ day of _____, 201\_\_.

                                                _____
                                              Name:

# CERTIFICATE OF SERVICE
Case No. 3:17-cv-676

I hereby certify that on this 17th day of July, 2018, I served the foregoing JOINT STIPULATION FOR PROTECTIVE ORDER the Plaintiff's Counsel by means of the Court's electronic filing system.

/s/ John J. W. Inkeles
JOHN J. W. INKELES, Trial Attorney
Department of Justice – Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 532-4309
Facsimile: (202) 305-1890
E-mail: john.inkeles@usdoj.gov